■ GEORGE C. PRAGER, Appellant, v. IRVING KAHN, Respondent. (Action No. 1.) GEORGE C. PRAGER, Appellant, v. IRVING KAHN, Respondent. (Action No. 2.) — In two separate actions between the same parties to recover damages for fraud and misrepresentations, plaintiff appeals from an order of the Supreme Court, Kings County, dated March 6, 1961, which denied his motion to set aside a settlement stipulation; such denial being without prejudice to plaintiff's prosecution of a plenary equity suit to set aside the stipulation. Action No. 1 came on for trial on October 14, 1960, and was referred to a Special Referee. Subsequently, a stipulation was placed upon the record providing for the settlement of both actions. Order affirmed, with $10 costs and disbursements. Plaintiff and his attorney participated or acquiesced in all the proceedings before the Referee. In view of their conduct, we find no merit in the technical objections now raised by plaintiff on this appeal. Beldock, Ughetta and Brennan, JJ., concur; Nolan, P. J., and Pette, J., concur in the affirmance of the order, insofar as it denies the motion to set aside the stipulation of settlement, but vote to modify the order by adding thereto a direction that the actions be restored to the appropriate calendars for trial.

Although, as to Action No. 2, the Special Referee had no authority to make any disposition since the issues therein had not been referred to him for disposition, no cause was shown why the stipulation should be set aside. The record does not justify the conclusion, however, that the Referee was authorized to dispose with finality of either action on an agreement by the parties in the absence of counsel; and although, as stated by the Special Term, it may be that the oral settlement agreement made by the parties constitutes a new contract, it was not sufficient to authorize the entry of judgment or the marking of the actions " off " the calendar (Rules Civ. Prac., rule 4). As matters stand, it has been decided that plaintiff by stipulation has settled two actions in the Supreme Court, but he will be unable to enter judgment in either unless he is able to obtain a further stipulation from the defendant and an order thereon. Hence, the actions should be returned to the trial court for such further proceedings therein as may be proper.